**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 1, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JESSE TRUJILLO,

      Plaintiff - Appellant,

v.

JOE WILLIAMS, Secretary, and
ELMER BUSTOS, Director, New
Mexico Department of Corrections,

      Defendants - Appellees.

No. 11-2177
(D.C. No. 6:04-CV-00635-MV-WDS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

Jesse Trujillo, a New Mexico state prisoner currently housed in Virginia

pursuant to an agreement between the States, brings this 42 U.S.C. § 1983 action

alleging that New Mexico has denied him access to the courts in pursuing post-

conviction claims.

---

[*] After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Trujillo's denial of access claim first came to this court in 2006. At that time, we remanded the claim (and others not relevant here) after finding Mr. Trujillo had sufficiently alleged that New Mexico utilized an "exact cite" legal research system — a system requiring prisoners to state exactly what legal research materials they needed before receiving access to them. *See Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006). Without holding that an "exact cite" legal research system would be constitutionally deficient, we noted that the allegation "may state a viable claim of denial of access to the courts." *Id.*

On remand and at the recommendation of a magistrate judge, the district court eventually found no evidence that New Mexico actually utilized an "exact cite" system and dismissed that claim. But before it did so, Mr. Trujillo amended his complaint to include a new allegation that New Mexico unlawfully required him to pay postage for access to legal materials. As to this claim and again acting in accord with the magistrate judge's suggestion, the district court ordered New Mexico to file a remedial plan. When New Mexico did so Mr. Trujillo accepted the proposed plan without objection and the district court eventually gave its approval too.

In his current appeal, Mr. Trujillo abandons his argument that New Mexico operates an "exact cite" legal research system. Instead, he argues much more generally that New Mexico provides insufficient access to case law. But even granting Mr. Trujillo the latitude reserved for *pro se* petitioners, we decline to

- 2 -

consider this argument. Mr. Trujillo raised this claim for the first time only in responding to the magistrate's recommendation that his denial of access claims be dismissed. And even there he provided the court nothing more than the bare allegation that New Mexico has "adopted [] a minimalist legal access system." Rec. of App. at 468. The district court declined to consider this late and unsupported allegation, Op. at 1-2, as do we. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ((though we construe *pro se* pleadings liberally, "*pro se* parties [must] follow same rules of procedure that govern other litigants") (quotation omitted)).

Before us, Mr. Trujillo separately argues that the remedial plan accepted by the district court has proven ineffective in subsequent practice. Mr. Trujillo, however, waived any objection to the remedial plan when he accepted its terms in the district court and the record before us is insufficient to evaluate the factual basis of this claim in any event. *See Taylor v. Phelan*, 9 F.3d 882, 884 n.4 (10th Cir. 1993). If there is recourse to be had with respect to subsequent events, it is not to be had in this court in the first instance. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2nd Cir. 1994) (noting that "[p]ost-judgment applications to modify a judgment . . . are better made in the district as opposed to the circuit court").

The judgment of the district court is affirmed. Mr. Trujillo's motion to file a reply brief out of time is granted and that reply was considered in reaching this

decision. Appellant's motion to proceed without prepayment of fees is granted.

We remind Mr. Trujillo that he is obligated to continue making partial payments

of the filing fee associated with this appeal until the entire fee has been paid.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge