**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JESSE TRUJILLO,

    Plaintiff - Appellee,

v.

ALISHA TAFOYA LUCERO, Acting
Cabinet Secretary, New Mexico
Corrections Department;* JOHN GAY,
Director of Adult Prisons, New Mexico
Corrections Department,**

    Defendants - Appellants.

No. 19-2031
(D.C. No. 6:04-CV-00635-MV-GBW)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **O'BRIEN**, and **MATHESON**, Circuit Judges.
_____

---

    * Pursuant to Fed. R. App. P. 43(c)(2), Alisha Tafoya Lucero is substituted for
Joe Williams, former Cabinet Secretary, as an appellant in this action.

    ** Pursuant to Fed. R. App. P. 43(c)(2), John Gay is substituted for Elmer
Bustos, former Director of Adult Prisons, as an appellant in this action.

    *** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendants appeal the district court's denial of their motion under Federal Rule of Civil Procedure 60(b). They sought vacatur or modification of an order that requires the New Mexico Corrections Department (NMCD) to provide plaintiff Jesse Trujillo, a New Mexico inmate housed in Virginia, with stamped and pre-addressed envelopes for legal mail. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

New Mexico incarcerated Mr. Trujillo. By agreement with Virginia, in 2002 New Mexico sent Mr. Trujillo to serve his sentence in the Virginia prison system.[1]

Mr. Trujillo filed the underlying action in 2004 under 42 U.S.C. § 1983. Among Mr. Trujillo's complaints, he alleged Virginia's policies governing legal mail denied him meaningful access to the courts. Virginia provides indigent inmates with one postage-paid envelope per week for legal mail. Beyond that, inmates "may incur a loan to cover the cost of postage for legal mail." App. Vol. 1 at 151.

The district court held these policies "are not reasonable to assure Mr. Trujillo's access to the Courts, particularly as, unlike a prisoner housed in-state, Mr. Trujillo must use the mail to conduct legal research and to submit any grievance to the NMCD." *Id.* The court therefore ordered Defendants in August 2011 to "file with the Court a plan that will enable [Mr. Trujillo] to send legal requests and grievances to the NMCD at no expense to himself." *Id.* at 152.

---

[1] New Mexico inmates may be housed in the prison system of another state under the Interstate Corrections Compact. *See* N.M. Stat. Ann. § 31-5-17.

Defendants filed a *Plan to Allow Postage Free Legal Request by Plaintiff to NMCD* with the district court. *See id.* at 153–54. It provided:

1. NMCD will provide to Plaintiff in Virginia three (3) standard business envelopes, stamped and addressed to NMCD for legal requests and grievances upon acceptance of this plan by the court.

2. In the response or reply sent to Trujillo, a new stamped, pre-addressed envelope will be included for the use of Trujillo in making any further requests.

3. By this process, Trujillo will at all times have at least one, and more likely two envelopes, postage-paid and already addressed to NMCD, for any legal requests he may require to be made to NMCD.

*Id.* at 153.

The district court adopted this plan almost verbatim in September 2011. It ordered:

1) NMCD will provide to Plaintiff in Virginia three (3) standard business envelopes, stamped and addressed to NMCD for legal requests and grievances; and 2) in the response or reply sent to Plaintiff, a new stamped, pre-addressed envelope will be included for the use of Plaintiff in making any further requests.

*Id.* at 160.

Defendants did not appeal the district court's August 2011 order or its September 2011 postage-plan order.[2]

---

[2] Mr. Trujillo appealed, arguing that the postage plan was ineffective in practice. We affirmed. *See Trujillo v. Williams*, 460 F. App'x 741, 742–43 (10th Cir. 2012).

3

Mr. Trujillo sent mail to the NMCD sparingly.[3] Yet instead of complying with the postage-plan order, the NMCD informed Mr. Trujillo that "no more postage-free envelops [sic] would be provided." *Id.*, Vol. 2 at 330. This led Mr. Trujillo to file in August 2016 a motion to re-open the case and hold defendants in contempt for violating the postage-plan order. The district court denied Mr. Trujillo's request to re-open the case but granted his request for sanctions, finding "Defendants have not complied with the Court's September 30, 2011 Order." *Id.* at 196.

Defendants then filed a motion to vacate or modify the postage-plan order under Fed. R. Civ. P. 60(b)(5) and (6). The district court found Defendants "failed to fulfill the antecedent requirement of changed circumstances, meaning that Rule 60(b)(5) relief is unavailable" and "failed to demonstrate that their burden is such that it would offend justice to deny modification under Rule 60(b)(6)." *Id.* at 401 (brackets and internal quotation marks omitted). The court further noted Defendants "exhibited an exceptional lack of good faith in attempting to comply with the Postage Plan Order" in that they "elected to ignore and defy the Court's Order." *Id.* at 403. Defendants appeal the district court's denial of their Rule 60(b) motion.

---

[3] Mr. Trujillo claims he "attempted to file at most 4 grievances with the NMCD." Aplee. Br. at 3. Defendants characterize Mr. Trujillo's mailings as "three attempts to grieve in fourteen years." Aplt. Reply Br. at 7.

## II. DISCUSSION

"A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191–92 (10th Cir. 2018).

Rule 60(b)(5) provides that an order can be modified if "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). In such circumstances, "[t]he party seeking modification . . . bears the burden of showing that 'a significant change either in factual conditions or in law' warrants revision." *Jackson*, 880 F.3d at 1194 (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992)).

Rule 60(b)(6) provides that an order can be modified for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) relief is . . . appropriate only when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotation marks omitted).

> We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. In the Rule 60(b) context, we review the district court's ruling only to determine if a definite, clear or unmistakable error occurred below. A reviewing court may reverse only if it finds a complete absence of a reasonable basis and is certain that the decision is wrong. A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based. An appeal from the denial of a Rule 60(b) motion raises for our review only the district court's order denying the motion, and not the underlying judgment itself.

*Jackson*, 880 F.3d at 1191 (citations and internal quotation marks omitted).

5

We have carefully reviewed the record citations provided and arguments advanced by Defendants on appeal.  We find that the district court did not abuse its discretion in denying Defendants' Rule 60(b) motion.

### III.  CONCLUSION

We affirm the district court's order denying Defendants' Rule 60(b) motion.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge